[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11955

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELBER BARAHONA GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00307-SDM-TGW-1

_____

Before NEWSOM, LAGOA, and LUCK, Circuit Judges.

PER CURIAM:

Elber Barahona Gomez appeals his total sentence of 168 months' imprisonment after he pleaded guilty to conspiracy to possess, and aiding and abetting the possession of, five kilograms or more of cocaine with the intent to distribute it, while aboard a vessel subject to the jurisdiction of the United States. Gomez argues that the district court's sentence is substantively unreasonable because it determined his sentence without adequately considering the 18 U.S.C. § 3553(a)(2) factors, resulting in a sentence that, according to him, was greater than necessary. After careful review, we affirm.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Section 3553(a) of Title 18 requires a district court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed under § 3553(a)(2), including the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public; and provide educational and vocational training, medical care, and other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)–(D). Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the

Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* (a)(1), (3)–(7).

The party challenging the sentence bears the burden of establishing its unreasonableness based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). More generally, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

We have emphasized that we must give due deference to the district court to consider and weigh the proper sentencing factors. *Shabazz*, 887 F.3d at 1224. The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *Id.* at 1259–60. However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259.

The district court also has wide discretion to decide whether the § 3553(a) factors justify a variance. *Gall*, 552 U.S. at 51. When rejecting a request for a variance and imposing a guideline

sentence, the sentencing judge need not issue a lengthy explanation so long as the judge considered the parties' arguments and the context and record indicated the reasoning behind his conclusion. *Irey*, 612 F.3d at 1195.

We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). We have held that we will only vacate a sentence based on substantive unreasonableness if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

Here, Gomez's sentence is not substantively unreasonable. The district court explicitly and extensively examined each of the 18 U.S.C. § 3553(a)(2) factors in deciding on a sentence that was sufficient but not greater than necessary, and there is no indication that the district court failed to consider relevant factors that were due significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in considering proper factors. *Irey*, 612 F.3d at 1189.

Specifically, the district court considered § 3553(a)(2)(A) when it stated that its sentence must enhance respect for the law, including by being neither too harsh nor too lenient and by ensuring that the law is not brought into disrepute. The district court also considered § 3553(a)(2)(B) when it explained that the sentence

must have a deterrent effect to discourage others from committing similar crimes.    Additionally, the district court considered § 3553(a)(2)(C) when it explained that its sentence must protect the community from drugs that could be brought into the United States and stated that cocaine is destructive and leads to crime and addiction.    Finally, the district court considered § 3553(a)(2)(D) when it noted that Gomez wanted to continue his education while incarcerated and recommended that he be housed in a facility that offers vocational education programs for Spanish speakers.    In addition to the factors in § 3553(a)(2), the district court considered the nature and circumstances of the offense and Gomez's history and characteristics, in accordance with § 3553(a)(1), when it noted that the offense was part of a large-scale drug transportation scheme and considered the conditions of Gomez's hometown, his level of education, and his family's circumstances.

In view of the discretion that the district court is granted when considering the factors in § 3553(a), Gomez's arguments fail to demonstrate that the district court abused its discretion by not varying downward.  *Shabazz*, 887 F.3d at 1224.  The district court expressly provided its analysis for each of the § 3553(a)(2) factors, stated that it considered all § 3553(a) factors, and considered each of the parties' arguments.  *See id.*  Moreover, the district court imposed a sentence within the guideline range, which we have stated ordinarily indicates that a sentence is reasonable.  *Stanley*, 739 F.3d at 656.

And although Gomez asserts in his initial brief on appeal that the district court failed to consider how COVID-19 affected Colombia and the overall economic status of Colombia, the district court did state that it was familiar with and considered the conditions of his hometown in Colombia.  Furthermore, Gomez did not provide any evidence to the district court regarding the COVID-related arguments that he makes in his brief to this Court, and some of the evidence that he now cites was not even available at the time of his sentencing.  A district court does not abuse its discretion by not considering evidence in fashioning a sentence that was not put before it.  *Gall*, 552 U.S. at 51.

For the foregoing reasons, the district court did not abuse its discretion, and Gomez's sentence is substantively reasonable.

**AFFIRMED.**